IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK BANKS, | ) | |
| | ) | Civil Action No. 11-626 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Chief Judge Gary L. Lancaster |
| | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| UNITED STATES ATTORNEYS | ) | |
| OFFICE FOR THE WESTERN | ) | |
| DISTRICT OF PENNSYLVANIA, et al., | ) | ECF No. 3 |
| | ) | |
| Respondents. | ) | |

**REPORT & RECOMMENDATION**

I. **Recommendation**

It is recommended that the Petition for Writ of Mandamus be dismissed with prejudice.

II. **Report**

A. **Background**

Petitioner filed a Motion for Leave to Proceed in Forma Pauperis on May 12, 2011. It was granted on May 24, 2011 and his Petition for Mandamus was filed on that date. Petitioner named 16 Respondents in his Petition including the United States Attorney's Office for the Western District of Pennsylvania, a number of Judges of this Court,[1] the FBI and the United States of

---

[1] A number of the named Respondents, such as the judges and prosecutors, are entitled to immunity. Given that the Court is recommending the Petition for Mandamus be dismissed as frivolous, it need not reach this issue.

America. Petitioner did not provide service copies or Marshal 285 forms for any of the 16 Respondents. For this reason, service has not been made.

B. **Treaty of Fort Laramie**

The Petition for Mandamus (ECF No. 3) is confusing at best. Banks states that he is an American Indian, which is confirmed on the Bureau of Prisons website. He then moves the Court, pursuant to The Treaty of Fort Laramie, for certain relief. From what the Court can ascertain by its own research, the Treaty of Fort Laramie, which was entered into in 1868, was the result of a conference held at Fort Laramie, in present-day Wyoming, which resulted in a Treaty with the Sioux Indians. This treaty was supposed to bring peace between the whites and the Sioux who agreed to settle within a certain reservation in the then Dakota territory.[2] Petitioner states that the Respondents are charged with the duty of carrying out this treaty and failed or refused to fulfill their duties.

In stating how they failed to fulfill their duties, Petitioner alleges that his due process rights, as recognized in Brady v. Maryland, 393 U.S. 83 (1963), were violated by failing to disclose exculpatory information to him in a criminal case against him at criminal docket number 04 – 176, which he allegedly discovered through a FOIA request. Plaintiff fails to explain the relationship between the alleged due process violation and the Treaty of Laramie, nor can the Court discern any from the Petition. Petitioner then goes on to attack the Respondents for failing to provide him with this exculpatory information, implying somehow that this is required pursuant to the Treaty.

---

[2] See 100 Milestone Documents from the National Archives and Records Administration, http://www.ourdocuments.gov/doc.php?flash=true&doc=42 (last visited Nov. 30, 2011).

### C. <u>Mandamus Relief</u>

The writ of mandamus is an ancient form of common law judicial relief, a request for a court order compelling a public official to perform some legally-mandated duty. The power of federal courts to issue writs of mandamus is now defined in 28 U.S.C. § 1361, which provides as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.

Writs of mandamus compelling government officials to take specific actions are extraordinary forms of relief that must comply with demanding legal standards. Thus, it is well-settled that the "'writ is a drastic remedy that 'is seldom issued and its use is discouraged.''" <u>In re Patenaude</u>, 210 F.3d 135, 140 (3d Cir. 2000) (quoting <u>In re Chambers Dev. Co.</u>, 148 F.3d 214, 223 (3d Cir. 1998) (quoting <u>Lusardi v. Lechner</u>, 855 F.2d 1062, 1069 (3d Cir. 1988))). There are two prerequisites to issuing a writ of mandamus. First, a petitioner must show that he has no other adequate means to attain his desired relief. <u>Hinkel v. England</u>, 349 F.3d 162, 164 (3d Cir. 2003) (citations omitted). Second, a petitioner must show that his right to the writ is clear and indisputable. <u>Id</u>. Mandamus is an extraordinary remedy that can only be granted where a legal duty "'is positively commanded and so plainly prescribed as to be free from doubt.'" <u>Harmon Cove Condominium Ass'n, Inc. v. Marsh</u>, 815 F.2d 949, 951 (3d Cir. 1987) (quoting <u>Richardson v. United States</u>, 465 F.2d 844, 849 (3d Cir. 1972) (en banc), <u>rev'd on other grounds</u>, 418 U.S. 166 (1974)). It is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." <u>Heckler v.</u>

3

Ringer, 466 U.S. 602, 616 (1984) (citations omitted); see also Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). "[O]nly 'exceptional circumstances amounting to a judicial 'usurpation of power'' will justify issuance of the writ." Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988) (citations omitted). "[T]he party seeking mandamus has the 'burden of showing that its right to issuance of the writ is 'clear and indisputable.''" Id. (citations omitted). Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus is not appropriate.

In this case, Petitioner seeks to have this Court direct a number of government agencies and officials to fulfill their duties with respect to the statutory mandate set forth in the Treaty relative to a violation of his due process rights as recognized in Brady v. Maryland, supra. Petitioner is not entitled to the extraordinary remedy of a writ of mandamus on this issue. Again, the Court fails to see the relevance of the Treaty referenced. This action is really a challenge to his criminal conviction in criminal docket number 04-176. This is not the proper use of the writ of mandamus. Petitioner's claim is more appropriately filed as a petition for habeas corpus as he is challenging his conviction in his prior criminal case.

Petitioner has been trying to challenge his conviction at criminal docket number 04 – 176 for quite some time. In 2006, he filed motions with this Court to vacate, set aside or correct sentence, W.D. Pa. Civil Action Numbers 06 – 641, 06 – 1275; both cases were summarily dismissed. As noted by our sister court in the Middle District of Pennsylvania in Coles v. Commonwealth of Pennsylvania Board of Probation and Parole, prisoner–petitioners frequently turn to the writ of mandamus to try to compel those who oversee their custody to take some specific form of favorable action. Coles, Civ. Action No. 1:10-CV-1976, 2010 WL 4973292, at

*4 (Oct. 26, 2010). As Magistrate Judge Carlson noted in that case, courts rarely embrace such mandamus requests. Id. (citing Priskanin v. Doe, 349 F. App'x 689 (3d Cir. 2009)).

Petitioner fails to allege any facts which come close to showing that his right to an issuance of the writ is clear and indisputable as required by the case law. He has failed to show that he has no other means of obtaining the relief sought, or that his right to the writ is clear and indisputable. Indeed, as noted above, a petition for writ of habeas corpus is generally available to challenge constitutional violations occurring in the underlying criminal case.

### D. Heck v. Humphrey

Should Petitioner choose to file a civil rights action, it would be barred by the Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994). In that case, the petitioner was convicted of voluntary manslaughter for killing his wife. While his direct appeal was pending in the state courts, Heck filed a suit under 42 U.S.C. § 1983 against the prosecutors in his criminal action and various members of the state police department. The complaint alleged that the defendants had engaged in an unlawful investigation and had knowingly destroyed exculpatory evidence[3]. Heck sought compensatory and punitive damages but did not seek injunctive relief or release from custody. After reviewing its origin and history, the Supreme Court determined that the civil rights law was not meant to provide a means for collaterally challenging the validity of a conviction through the pursuit of money damages. In so concluding, the Supreme Court announced the following rule:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

---
[3] This is similar to the present case where Petitioner is alleging that all of the Respondents refused to provide him with exculpatory information and evidence under the Brady rule. Petitioner in this case, in addition to asking that all exculpatory evidence be released to him, also seeks an award of monetary damages.

> conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. <u>Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated</u>. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id*. at 486-87 (footnotes omitted) (emphasis added).

### E. Sua Sponte Dismissal

Under the Prison Litigation Reform Act ("PLRA"), a court must dismiss a complaint prior to service if it is "frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915A(b)(1). However, the Third Circuit has ruled that generally, mandamus petitions are not civil actions subject to the requirements of the PLRA. <u>Madden v. Myers,</u> 102 F.3d 74, 77 (3d Cir. 1996). An exception to this rule exists where a "prisoner litigant attempts to evade the requirements of the PLRA by masking as a mandamus petition a paper that is otherwise subject to the PLRA." <u>Id</u>. at 78; <u>see also</u> <u>In re: Jonathan Steele</u>, 251 F. App'x 772, 773 (3d Cir. 2007) (citing <u>Madden</u>, <u>supra</u>). Thus, an argument could be made here that Petitioner's claim is not a proper mandamus issue and therefore he should not be allowed to avoid the PLRA by filing as a mandamus an action that should properly be filed as a complaint or petition subject to the PLRA. The Court need not reach that issue, as it does have authority to dismiss this case prior to service under the <u>in forma pauperis</u> statute, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), where the Court determines that the action

is frivolous or fails to state a claim upon which relief may be granted. Having found above that the Petition is both frivolous and fails to state a claim, this Court recommends dismissal of the Petition under 28 U.S.C. §1915(e)(2)(B).[4]

### III.  Conclusion

Therefore, it is respectfully recommended that the Petition for Writ of Mandamus be dismissed with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, Petitioner is allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Failure to file timely objections will constitute a waiver of any appellate rights.


Dated:   December 1, 2011                          BY THE COURT:

                                                   _____
                                                   LISA PUPO LENIHAN
                                                   Chief United States Magistrate Judge


cc:   **FREDERICK BANKS**
      #05711-068
      F.C.I.
      5802
      P.O. Box 2000
      Fort Dix, NJ 08640

---

[4] This Court recognizes that the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See* Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Because it would be futile to allow Plaintiffs to amend, this Court is recommending that the action be dismissed.